[No. B027372. Second Dist., Div. Three. Aug. 8, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
NELL MARIE ROCHEN, Defendant and Appellant.

COUNSEL

Irving Meyer, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Marc E. Turchin and Jennifer S. Cady, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KLEIN, P. J.**—Defendant and appellant Nell Marie Rochen (Rochen) appeals a judgment rendered upon a guilty plea after denial of her motion to suppress. (Pen. Code, § 1538.5.)[1]

Because the officer's affidavit showed sufficient corroboration of the confidential informant to support the issuance of the search warrant, the judgment is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

The subject affidavit provided in relevant part: In early May 1986, the affiant was contacted by a confidential informant (CI), who was a PCP user. The CI knew a woman by the name of Nellie who was selling PCP from her

---

[1] All subsequent statutory references are to Penal Code, unless otherwise indicated.

home. The CI had purchased PCP from Nellie within the last few weeks. The CI would phone Nellie in advance to determine whether she was at home before going over to purchase the PCP.

The CI gave the affiant the telephone number which the CI said belonged to Nellie's residence. The affiant dialed the number in the CI's presence and monitored the call. A female answered the phone. The CI asked: "Who's this?" The female identified herself as Nellie. The CI asked Nellie whether she had any PCP. Nellie said she did, and told the CI to come over later. After the conversation, the CI directed the affiant to a house which, according to the CI, was Nellie's residence.

A search warrant was issued and executed. The search of Rochen's residence produced PCP and hypodermic needles.

Rochen's motion to quash was denied. At the preliminary hearing, the officer testified, inter alia, prior to seeking the warrant, he checked the reverse telephone directory for the phone number and met with negative results. That detail was not included in the affidavit. Rochen was held to answer. In a two-count information, Rochen was charged with possession for sale of phencyclidine (Health & Saf. Code, § 11378.5) (count I), and unauthorized possession of hypodermic needle or syringe (Bus. & Prof. Code, § 4149) (count II).

Rochen's motion to quash the search warrant and suppress evidence (§ 1538.5) was denied. Rochen withdrew her not guilty plea to count I and pled guilty. Count II was dismissed. The midterm of four years was imposed, sentence was suspended, and probation was granted for a period of three years; one of the conditions was one hundred and eighty days in county jail.

## CONTENTIONS

Rochen contends: the affidavit did not show sufficient corroboration of the CI to support the issuance of the search warrant; the affidavit did not establish probable cause under the totality-of-circumstances test; the omitted information was material; and absent probable cause, this case lies outside the good faith exception.

## DISCUSSION

1. *Affidavit established probable cause.*

"'[T]he *quanta* . . . of proof' appropriate in ordinary judicial proceedings are inapplicable to the decision to issue a warrant. [(*Brinegar* v.

*United States* (1949) 338 U.S. 160, 173 [93 L.Ed. 1879, 1889, 69 S.Ct. 1302].)] Finely tuned standards such as proof beyond a reasonable doubt or by a preponderance of the evidence, useful in formal trials, have no place in the magistrate's decision. While an effort to fix some general, numerically precise degree of certainty corresponding to 'probable cause' may not be helpful, it is clear that 'only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause.' [Citations.]" (*Illinois v. Gates* (1983) 462 U.S. 213, 235 [76 L.Ed.2d 527, 546, 103 S.Ct. 2317].)

■ In *Gates,* the United States Supreme Court adopted a totality-of-the-circumstances test for assessing whether an affidavit based on hearsay establishes probable cause. (462 U.S. at pp. 238-239 [76 L.Ed.2d at pp. 548-549].) Under the test, veracity, reliability, and basis of knowledge are intertwined factors which illuminate the practical question whether there is probable cause to believe evidence or contraband is located in a particular place. (*Id.,* at p. 230 [76 L.Ed.2d at p. 543].)

"The task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." (462 U.S. at pp. 238-239 [76 L.Ed.2d at p. 548].)

■ Even if doubts are entertained as to an informant's motives, an explicit and detailed description of alleged wrongdoing, along with a statement the event was observed firsthand, entitles the tip to greater weight than might otherwise be the case. (462 U.S. at p. 234 [76 L.Ed.2d at p. 545].)

*Gates* emphasized the role of corroborative investigation by the police. "Our decisions applying the totality-of-the-circumstances analysis . . . have consistently recognized the value of corroboration of details of an informant's tip by independent police work. In *Jones* v. *United States* [1960] 362 U.S., [257] at 269 [4 L.Ed.2d 697, 80 S.Ct. 725, 78 A.L.R.2d 233], . . . we held that an affidavit relying on hearsay 'is not to be deemed insufficient on that score, so long as a substantial basis for crediting the hearsay is presented.' We went on to say that even in making a warrantless arrest an officer 'may rely upon information received through an informant, rather than upon his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge.'" (462 U.S. at pp. 241-242 [76 L.Ed.2d at p. 550].)

The purpose served by corroboration is "to establish that the information provided by the informant did not constitute a made-up story, one fabricated out of whole cloth. Corroboration of part of the information provided by the informant [gives] credibility to the remainder of the information." (*People* v. *Medina* (1985) 165 Cal.App.3d 11, 20 [211 Cal.Rptr. 216].) It is sufficient that an informant's statements are corroborated in a number of key respects, and a piecemeal approach is not required. (*Ibid.*)

■ Here, the affidavit stated the officer learned from the CI a woman named Nellie sold PCP from her home. The CI had purchased PCP from Nellie within the last few weeks. It was the CI's practice to first call Nellie before going to her home. The CI gave the affiant Nellie's number, and the affiant dialed the number and monitored the call by the CI. The voice at the other end was female, and the woman identified herself as Nellie. Nellie indicated she had PCP for sale and told the CI to come over later.

Thus, we have a CI with personal knowledge of Nellie's activities, and a corroborative monitored telephone conversation. The officer personally verified every facet of the information given him by the CI except whether Nellie resided at the address in question. Having verified the other information, the officer had reasonable cause to believe the remaining unverified information was likewise true. (*Illinois* v. *Gates, supra,* 462 U.S. at p. 243 [76 L.Ed.2d at p. 551].) Because the officer succeeded in substantially corroborating the CI's statements, we reject Rochen's contention the unverified portion remained suspect.

Applying commonsense judgments as well as a standard less demanding than those used in more formal legal proceedings (462 U.S. at pp. 235-236 [76 L.Ed.2d at pp. 546-547]), based on the corroboration, both the officer and the magistrate could reasonably conclude the CI's statements were not part of an elaborate scheme to harass someone residing on the subject premises. Accordingly, we hold the magistrate had a substantial basis for finding probable cause.

2. *Affiant's omission not material.*

Rochen contends the absence from the affidavit of the unsuccessful reverse directory check was a material omission.

■ "An affidavit need not disclose every imaginable fact however irrelevant. It need only furnish the magistrate with information, favorable and adverse, sufficient to permit a reasonable, common sense determination whether circumstances which justify a search are probably present. [Citations.] [¶] . . . [F]acts are 'material' and hence must be disclosed if their

omission would make the affidavit *substantially misleading.* On review under section 1538.5, facts must be deemed material for this purpose if, because of their inherent probative force, there is a substantial possibility they would have altered a reasonable magistrate's probable cause determination." (*People* v. *Kurland* (1980) 28 Cal.3d 376, 384-385 [168 Cal.Rptr. 667, 618 P.2d 213], original italics, superseded in other respects by Proposition 8, as stated in *People* v. *Broome* (1988) 201 Cal.App.3d 1479, 1490-1491 [247 Cal.Rptr. 854].)

■ While the detail regarding the reverse directory check would have been of interest, because the result of that quest was inconclusive, it was not material in the calculus of probable cause.

In view of the above discussion, it is unnecessary to reach the remaining contentions.

## DISPOSITION

The judgment is affirmed.

Croskey, J., and Luros, J.*, concurred.

---

* Assigned by the Chairperson of the Judicial Council.