[No. H001510. Sixth Dist. Apr. 24, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS ALBERT CRABB, Defendant and Appellant.

COUNSEL

Richard A. Rosen, Rose & Arnold, Ronald W. Rose and John M. Wadsworth for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

AGLIANO, P. J.—Defendant Dennis Albert Crabb appeals from a judgment of conviction for possession of cocaine for sale (Health & Saf. Code, § 11351). The sole issue is whether the defendant was erroneously denied discovery of information contained in police records. Such discovery, defendant contends, might have armed him with evidence with which to challenge

the veracity of the affiant for a search warrant and thereupon seek suppression of evidence seized under the warrant. As the instant crime occurred after the enactment of Proposition 8, we look to federal constitutional standards to determine the validity of defendant's claim (*People* v. *Smith* (1983) 34 Cal.3d 251, 258 [193 Cal.Rptr. 692, 667 P.2d 149]; *In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744]) and decide, primarily in light of the United States Supreme Court's decision in *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674], defendant was not entitled to such discovery. Accordingly, we affirm the judgment of conviction.

## BACKGROUND

Evidence of defendant's guilt was obtained under authority of a warrant directing the search of his Monterey home. The warrant was issued on the strength of an affidavit executed by Investigator Robert M. Garrett of the Monterey County District Attorney's office. In the affidavit Garrett relied upon information supplied by four confidential informants identified as CRI-1, CRI-2, CRI-3, and CI-1.[1] Three of the informants had previously provided accurate information. The affidavit was facially sufficient under the "totality of the circumstances" test laid down in *Illinois* v. *Gates* (1983) 462 U.S. 213 [76 L.Ed.2d 527, 103 S.Ct. 2317].

At the preliminary hearing, the magistrate permitted cross-examination of Investigator Garrett relating to Garrett's knowledge of facts bearing on reliability of the informants. The examination disclosed the following facts not specifically set forth in Garrett's affidavit: Criminal charges were pending against CRI-1 at the time the affidavit was prepared; Garrett knew that CRI-1 was a drug user; Garrett knew that CRI-2 used drugs on an occasional basis; and CI-1 was using the drugs he was purchasing from defendant.

Defendant also attempted to examine Garrett regarding the existence and contents of any notes or files relating to the four informants. However, the magistrate sustained the People's objection to this line of questioning.

In superior court, defendant filed a discovery motion seeking, inter alia, (1) records of all arrests and convictions suffered by the confidential informants within the last five years; (2) a statement of all monies paid to the informants by law enforcement agencies; (3) records evidencing such payments; and (4) records of all information furnished by the informants

---

[1]"CRI" signifies "confidential reliable informant," while "CI" signifies "confidential informant."

within he last five years including a list of the cases, numbers of arrests and search warrants. The court denied the motion without prejudice to reconsideration if and when defendant filed a motion to suppress evidence pursuant to Penal Code section 1538.5[2]

Defendant then filed a motion to suppress evidence, but subsequently withdrew it claiming that due to the denial of his discovery motion, he had insufficient evidence of any material misstatements or omissions in the affidavit to warrant a hearing on the veracity of the affiant under *Franks* v. *Delaware, supra,* 438 U.S. 154.

Following a court trial based on the evidence contained in the preliminary hearing transcript, defendant was found guilty of possession of cocaine for sale. This timely appeal followed.

## Discussion

In *Franks* v. *Delaware, supra,* 438 U.S. 154, the United States Supreme Court determined the nature and extent of a criminal defendant's right to challenge the veracity of the affidavit underlying a facially valid search warrant. In seeking to suppress the evidentiary product of the warrant, Franks endeavored to establish through the testimony of one of the affiants and two of the affiant's disclosed informants that the affiant had made willfully false misstatements of fact.

The Supreme Court, after observing the conflict in prevailing authority, promulgated the rule that thenceforth the right to assert such a challenge would be of "limited scope, both in regard to when exclusion of the seized evidence is mandated, and when a hearing on allegations of misstatements must be accorded." (*Id.* at p. 167 [57 L.Ed.2d at p. 679].)

The court determined that a defendant may not embark upon a subfacial challenge of the warrant affidavit absent a substantial preliminary showing that (1) the affiant has made statements[3] which were deliberately false or in reckless disregard of the truth and (2) the affidavit's remaining content after the affidavit's false statements are excised is insufficient to justify a finding of probable cause. (*Id.* at pp. 171-172 [57 L.Ed.2d at p. 682].) In addition,

---

[2]Based on its reading of *People* v. *Rivas* (1985) 170 Cal.App.3d 312 [216 Cal.Rptr. 477], the superior court indicated it could not reach the issues tendered by defendant's discovery motion unless there was a suppression motion pending.

[3]*Franks* deals with the problem of misstatements while the instant case involves a claim of material omissions. For the purpose of the issues presented here we treat them similarly. (See *People* v. *Kurland* (1980) 28 Cal.3d 376, 384 [168 Cal.Rptr. 667, 618 P.2d 213].)

a defendant's allegations of falsity or reckless disregard must be supported by an offer of proof specifying the portion of the warrant affidavit that is claimed to be false. This offer of proof should, in turn, be supported by "sworn or otherwise reliable statements of witnesses ... or their absence satisfactorily explained." (*Id.* at p. 171 [57 L.Ed.2d at p. 682].) "The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue." (*Id.* at pp. 171-172, fn. omitted [57 L.Ed.2d at p. 682].)

The court recognized various considerations for so limiting challenges to the veracity of the affidavit: the societal cost of applying the exclusionary rule; the protections afforded a citizen's privacy interests by the "requirement that applicants for a warrant submit a sworn affidavit and by the magistrate's independent determination of sufficiency based on the face of the affidavit" (*id.* at p. 166 [57 L.Ed.2d at p. 679]); the ability of the magistrate to conduct a vigorous inquiry into the accuracy of the warrant affidavit (*ibid.*); the need to preserve judicial resources and "prevent the misuse of a veracity hearing for purposes of discovery or obstruction" (*id.* at p. 170 [57 L.Ed. at p. 681]); and the fact that the accuracy of an affidavit is in large part beyond the control of the affiant since "[a]n affidavit may properly be based on hearsay, on fleeting observations, and on tips received from unnamed informants . . . ." (*Id.* at p. 167 [57 L.Ed. at p. 679].)

In *People* v. *Wilson* (1986) 182 Cal.App.3d 742 [227 Cal.Rptr. 528], this court followed *Franks* in holding that without a preliminary showing the defendant was not entitled to cross-examine the affiant for the purpose of trying to establish that the search warrant affidavit contained allegations known by the affiant to be false or made with reckless disregard for the truth.

In the instant case, defendant concedes he was not in possession of evidence of misstatements or omissions sufficient to trigger a right to an evidentiary hearing under *Franks*. He asserts, however, that *Franks* is not controlling. Relying upon *People* v. *Rivas* (1985) 170 Cal.App.3d 312 [216 Cal.Rptr. 477], defendant contends he properly seeks to inspect police records in order to find evidence with which to discredit the affiant and thereby invalidate the warrant. Defendant maintains such evidence, if it exists, is in the sole possession of the prosecution and it is improper to

preclude him from discovering it. *Rivas* permitted such discovery (*id.* at p. 322), but we respectfully suggest it erred. In our view *Rivas* does not square with the Supreme Court's mandate in *Franks* v. *Delaware.* This fact is evident not only from the court's approval of unfettered police record discovery, but from its additional holding, without mention of *Franks,* that cross-examination of the search warrant affiant is proper without any preliminary showing of the facts required by *Franks.*

 ■    Further, defendant disputes the People's characterization of his discovery requests as a "fishing expedition" by arguing that he "was able to raise serious and substantial questions about the validity of the search warrant" through his cross-examination of the affiant at the preliminary hearing. We reject defendant's contentions for several reasons.

Defendant does not contend this testimony revealed misstatements or omissions sufficient to satisfy the preliminary showing required under *Franks.* In this regard, we observe that the information elicited by the affiant's testimony was of minimal significance. The affidavit sufficiently disclosed that the confidential informants here were members of the drug culture and three of them were prior police informants. As noted by our Supreme Court in *People* v. *Kurland* (1980) 28 Cal.3d 376 [168 Cal.Rptr. 667, 618 P.2d 213]: "Such persons frequently have criminal records and a history of contact with the police. Often they are free only on probation or parole or are themselves the focus of pending criminal charges or investigations. All familiar with law enforcement know that the tips they provide may reflect their vulnerability to police pressure or may involve revenge, braggadocio, self-exculpation, or the hope of compensation. [Citations.] The details of their criminal pasts are not necessary to place the magistrate on notice of their potential unreliability. [Citation.] [¶] Both an issuing magistrate and a reviewing court must initially assume that information from such sources is unreliable for purposes of probable cause. Such a rule alerts the magistrate to the very danger defendant urges—that the statements of tipsters from 'criminal society' may receive unwarranted weight. [¶] We therefore conclude that, in most cases, the issue of possible unreliability is adequately presented to the magistrate when the affidavit reveals that the affiant's source of information is not a 'citizen-informant' but a garden-variety police tipster. In such circumstances, predictable details of the informer's criminal past will usually be cumulative and therefore immaterial." (*Id.* at pp. 393-394.)

The discovery motion in the instant case was a random search for evidence that the affiant might have misstated or omitted facts which might then have cast doubt upon the affiant's veracity. Under the essential rationale of *Franks,* such discovery is not permissible under these circumstances. In our

view, the considerations which preclude such cross-examination of the affiant also operate to preclude other forms of discovery.

*Franks*'s premise in part is that the magistrate's acceptance of the affiant's veracity is not to be disturbed, and further judicial inquiry into the subject is not warranted, unless the defendant first shows some reason to believe the affiant has willfully misstated or omitted material facts from the affidavit. It is worthy of note that inspection of police records usually entails the court's in camera review and expurgation of such records to prevent the improper disclosure of the identity of confidential informants. This undertaking requires a substantial commitment of scarce judicial resources which cannot, in balance, be deemed justified under the circumstances presented here.

■ Finally, we note that the constitutional imperative for discovery arises only "where the evidence is material either to guilt or to punishment." (*Brady* v. *Maryland* (1963) 373 U.S. 83, 87 [10 L.Ed.2d 215, 218, 83 S.Ct. 1194]; accord *Smith* v. *Phillips* (1982) 455 U.S. 209, 219 [71 L.Ed.2d 78, 87-88, 102 S.Ct. 940]; *United States* v. *Agurs* (1976) 427 U.S. 97 [49 L.Ed.2d 342, 96 S.Ct. 2392]; see *In re Imbler* (1963) 60 Cal.2d 554, 569 [35 Cal.Rptr. 293, 387 P.2d 6].) The legality of a search or seizure, however, does not relate to the factual issues of guilt or punishment.

■ In California, a defendant's right to pretrial discovery is founded upon "the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. [Citation.]" (*Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531, 535 [113 Cal.Rptr. 897, 522 P.2d 305].) Even in this context, however, it has been consistently held that a defendant must establish "some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' [Citations.]" (*Id.* at p. 537, quoting *People* v. *Cooper* (1960) 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]; accord *People* v. *Memro* (1985) 38 Cal.3d 658, 682 [214 Cal.Rptr. 832, 700 P.2d 446]; *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 804 [91 Cal.Rptr. 594, 478 P.2d 26]; *People* v. *Terry* (1962) 57 Cal.2d 538, 561 [21 Cal.Rptr. 185, 370 P.2d 985].)

We do not here suggest that any particular showing would suffice to warrant discovery of the kind sought by defendant. ■ Our holding is simply that defendant's showing in this case does not justify discovery of the information sought.

The judgment is affirmed.

Brauer, J., and Capaccioli, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 30, 1987.