[No. D007401. Fourth Dist., Div. One. Feb. 24, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DANIEL R. BROWN, Defendant and Appellant.

COUNSEL

Ferman W. Sims, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, and Steven H. Zeigen, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

WIENER, Acting P. J.—In *Franks* v. *Delaware* (1978) 438 U.S. 154 [57 L.Ed.2d 667, 98 S.Ct. 2674] the United States Supreme Court held that a criminal defendant has a limited right to challenge the veracity of a facially valid search warrant. Because the affidavit in that case did not involve information obtained from a confidential informant, the court reserved the question of how to handle examination of a confidential informant once the defendant has made a preliminary showing that the affidavit underlying the search warrant contains false or reckless statements purportedly furnished by the informant. We decide in this case that the court acted correctly in first determining the defendant Daniel R. Brown had raised sufficient questions to require further inquiry and then questioning the informants in camera in order to preserve the confidentiality of their respective identities.

Our conclusion necessarily qualifies the procedure for an evidentiary hearing under Penal Code section 1538.5.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

An information charged Daniel R. Brown with unlawfully possessing 57 grams of cocaine (Health & Saf. Code, § 11351 and Pen. Code, § 1203.073, subd. (b)(1)), unlawfully possessing controlled substances (Health & Saf. Code, § 11350, subd. (a)), unlawfully planting, cultivating, harvesting, drying and processing marijuana (Health & Saf. Code, § 11358) and unlawfully possessing marijuana for sale (Health & Saf. Code, § 11359). The charges were based on evidence obtained in a search of Brown's residence pursuant to a search warrant.

Because of the limited issue before us, we restrict the remainder of our discussion to facts concerning the issuance of the search warrant and Brown's efforts to quash it.

On August 28, 1986, Deputy Sheriff Mark Meyer obtained a search warrant to search Brown's residence at 1756 Rancho Place in El Cajon. The affidavit in support of the warrant, based on information obtained from two citizen informants, read in part: "Within the past three weeks, citizen informant #1 states that he/she was in the rear yard of 1756 Rancho Cajon Place, without the permission of the occupants. Informant #1 observed marijuana plants growing in an approximate 10' x 20' storage shed located in that yard. Informant #1 states the marijuana plants were green and healthy looking, and from their appearance were obviously well cared for. Informant estimated that in excess of 25 marijuana plants, five (5) feet tall, were observed. . . . Informant #1's involvement is due to his/her dislike for drug use and abuse.

"I questioned informant #1's ability to identify marijuana. The informant #1 stated that he/she use[d] to be an abuser of marijuana for several years, and can positively identify the plants in the storage shed as being marijuana plants.

". . . . . . . . . . . . . . . . . . . . .

---

[1] Penal Code section 1538.5 states in part: "A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on either of the following grounds:

". . . . . . . . . . . . . . . . . . .

"(2) The search or seizure with a warrant was unreasonable because . . . (iii) there was not probable cause for the issuance of the warrant. . . ."

All statutory references are to the Penal Code unless otherwise specified.

"Within the last seven days, citizen informant #2 states that he/she was walking adjacent to the rear yard of 1756 Rancho Cajon Place, and observed numerous marijuana plants growing in an approximate 10' x 20' storage shed located in that rear yard. Informant #2 states that this observation took place after sunset and that the interior of the storage shed was lit up by 'grow lites.' This viewing was made from a distance of less than 100 feet, and stated he/she was on the adjacent property with the permission of the owner. . . . Informant #2's involvement is due to his/her dislike for drug use and abuse." Deputy Sheriff Meyer executed the search warrant on August 29. He recovered 13 marijuana plants growing in a locked storage shed in the backyard. The total amount of marijuana was approximately 152.9 grams. Meyer also found 236.1 grams of cocaine, 3.6 grams of marijuana, marijuana seeds and other drug paraphernalia in the residence.

Brown moved to quash the warrant,[2] for disclosure of the identity of confidential informant #2, and for discovery of certain police reports and notes in the possession of the district attorney and his agents. Brown claimed Meyer's affidavit intentionally misstated, or at minimum, recklessly overstated, the informant #1's ability to identify marijuana.

In support of the motion Brown filed the affidavit of Paul Thomas, a private investigator, who had interviewed two of Brown's neighbors. The first neighbor, Allen Kirk, told Thomas that he had been contacted by a drug enforcement official in August 1986 who asked him if he had seen any marijuana cultivated in Brown's yard. Thomas continued: "Mr. Kirk told me that he informed the officer that he had not seen any marijuana and would not know what it was if he saw it. The officer then asked Mr. Kirk if he (Kirk) would mind if the officer came out to Mr. Kirk's yard to look at the Defendants' yard. Mr. Kirk replied that he didn't mind so long as he was present at the time. Mr. Kirk told me that he was not re-contacted by law enforcement officers." Thomas then interviewed Daniel Gordon, whose home is directly across the street from Brown's former residence. Thomas's affidavit supplied the following information about the Gordon interview: "At an unknown date Mr. Gordon's dog ran from his yard and he believed it ran into the Defendants' yard. Mr. Gordon and his wife, Sue Ann Gordon went to the rear of the Defendants' house attempting to locate their dog. While in the Defendants' back yard he observed through cracks in a shed 10-15 plants growing and they were as tall as he, at least 5'10" tall. Although neither he nor his wife had ever used nor grown marijuana, he

---

[2] Although Brown captioned his motion a "motion to quash warrant," it was in reality a motion to traverse the search warrant, i.e., an attempt by him to controvert the statements contained in the affidavit.

was 99.9 percent sure that said plants were marijuana based on picture he had seen on T-shirts and in books."

On September 2, 1987, Brown's counsel received an unsolicited telephone call from Sue Ann Gordon who corroborated the fact that she was on the property with her husband and that she had never grown or used marijuana. Brown subpoenaed Thomas, Kirk and Sue Ann Gordon to testify at the hearing on the motion to quash.

Before commencing the September 4, 1987, hearing in open court, the court examined the two confidential informants in camera concerning the motion to quash and the motion to disclose the identity of confidential informant #2. (Evid. Code, § 1042.)[3] The court determined the information received by Deputy Sheriff Meyer was true and accurate[4] and denied Brown's request for an evidentiary hearing.[5] The court stated that even if it were to assume all the facts stated in Brown's affidavits were true, it would not affect the affidavit submitted by Meyer in support of the search warrant or the validity of the warrant itself.

---

[3] Evidence Code section 1042, subdivision (d) requires an in camera hearing when a party demands the disclosure of the identity of a confidential informant on the ground the informant is a material witness on the issue of guilt and the prosecution claims the privilege to refuse to disclose the informant's identity under Evidence Code section 1041. The primary objective of the Evidence Code section 1042, subdivision (d) hearing is to determine whether there is a reasonable possibility that nondisclosure might deprive the defendant of a fair trial, that is, that the informant has knowledge of facts that would tend to exculpate the defendant. (*People* v. *McCarthy* (1978) 79 Cal.App.3d 547, 553 [144 Cal.Rptr. 822].)

Evidence Code section 915, subdivision (b) describes the in camera hearing: "When a court is ruling on a claim of privilege under Article 9 (commencing with Section 1040) of Chapter 4 (official information and identity of informer) . . . and is unable to do so without requiring disclosure of the information claimed to be privileged, the court may require the person from whom disclosure is sought or the person authorized to claim the privilege, or both, to disclose the information in chambers out of the presence and hearing of all persons except the person authorized to claim the privilege and such other persons as the person authorized to claim the privilege is willing to have present. If the judge determines that the information is privileged, neither he nor any other person may ever disclose, without the consent of a person authorized to permit disclosure, what was disclosed in the course of the proceedings in chambers."

[4] We note this issue was resolved in the easiest manner, i.e., the officer's affidavit tracked the material testimony which the informants gave to the court in the in camera hearing. Obviously a more complex case is presented when the informant's in camera testimony is contrary to the facts contained in the officer's affidavit. The question of falsity—by whom and when—remains unanswered requiring a further factual inquiry by the court before ruling on the motion—in all likelihood an evidentiary hearing.

[5] The court made findings on two issues, stating: "I have held an in camera hearing to determine the information that was received by the officer, whether or not it was true and accurate. And I found that it was.

"I not only did that, but we went to determine whether or not any of these persons—'cause I figured that might come up—whether or not they might be a material witness, and we have also determined that they are not material witnesses."

Brown entered into a plea bargain following his unsuccessful motion to quash the warrant. In exchange for his guilty plea to possessing 57 or more grams of cocaine, the People dismissed the remaining felony counts and a pending misdemeanor charge. Brown appeals from the judgment of conviction entered on his guilty plea.

## DISCUSSION

■ Brown contends the court erred in denying him an evidentiary hearing on his motion to quash pursuant to sections 1538.5 and 1539.[6] He points out that Meyer's affidavit stated Informant #1 had been an abuser of marijuana for several years and could positively identify the plants in Brown's shed as marijuana, and maintains the court erred in finding that the Gordons' inconsistent statements concerning their ability to identify marijuana did not affect the validity of the search warrant. Brown also says examination of Deputy Sheriff Meyer and Allen Kirk would have established that Meyer had made an improper confirmatory search of the premises.

■ A criminal defendant has a limited right to challenge the veracity of a facially valid search warrant affidavit. (*Franks v. Delaware, supra,* 438 U.S. 154.) That right is limited with respect to when exclusion of seized evidence is mandated and when a hearing on allegations must be accorded. (*Id.* at p. 167 [57 L.Ed.2d at p. 679]; *People v. Crabb* (1987) 191 Cal.App.3d 390, 393 [236 Cal.Rptr. 385].) ■ A defendant may not challenge facts underlying the search warrant affidavit absent a specific and substantial primary showing that: 1) the affiant made statements which were deliberately false or in reckless disregard of the truth; and 2) the affidavit's remaining content, after the allegedly false or reckless statements have been set aside, is insufficient to justify a finding of probable cause. (*Franks v. Delaware, supra,* 438 U.S. at pp. 171-172 [57 L.Ed.2d at p. 682]; *People v. Crabb, supra,* 191 Cal.App.3d at p. 393.) The defendant's allegations of falsity or reckless disregard must be supported by an offer of proof which specifies the portion of the warrant affidavit claimed to be false. This offer of proof should be supported by "sworn or otherwise reliable statements of witnesses . . . or their absence satisfactorily explained." (*Franks v. Delaware, supra,* 438 U.S. at p. 171 [57 L.Ed.2d at p. 682]; *People v. Crabb, supra,* 191

---

[6] Section 1539, subdivision (a) states: "*If a special hearing be held in the superior court pursuant to Section 1538.5,* or if the grounds on which the warrant was issued be controverted and a motion to return property be made (i) by a defendant on grounds not covered by Section 1538.5; (ii) by a defendant whose property has not been offered or will not be offered as evidence against him; or (iii) by a person who is not a defendant in a criminal action at the time the hearing is held, *the judge or magistrate must proceed to take testimony in relation thereto,* and the testimony of each witness must be reduced to writing and authenticated by a shorthand reporter in the manner prescribed in section 869." (Italics supplied.)

Cal.App.3d at p. 394.) The question of deliberate falsity or reckless disregard focuses on the affiant, not the nongovernmental informant. (*Ibid.*) "[I]f these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." (*Franks v. Delaware, supra,* 438 U.S. at pp. 171-172 [57 L.Ed.2d at p. 682]; *People v. Crabb, supra,* a 394.)

Affidavits submitted by law enforcement personnel in support of search warrants frequently contain information obtained from confidential informants. The United States Supreme Court, aware of the frequency and importance of the use of confidential informants, expressly reserved for consideration at a later time the question of whether a reviewing court must ever require the revelation of the identity of an informant once a substantial preliminary showing of falsity has been made. (*Franks v. Delaware, supra,* 438 U.S. at p. 170 [57 L.Ed.2d at p. 681].)

█ Under ordinary circumstances the court would have granted Brown an evidentiary hearing based on the affidavits he submitted in support of the section 1538.5 motion. Because this case involves the question reserved in *Franks*—how to proceed where the *Franks* inquiry is complicated by the existence of confidential informants—we conclude a different procedure must be followed. █ Where a confidential informant is involved, the court must hold an in camera hearing to determine whether the informant's identity should be kept confidential. If the court decides the informant's identity should not be revealed, it must then determine whether the defendant has made the preliminary *Franks* showing that the search warrant affidavit contains false or reckless statements, based on the informant's in camera testimony together with the other evidence submitted in support of the motion. Thus the entire inquiry must be conducted in camera.

█ Here, because the court elected to conduct an in camera hearing to determine the truth or falsity of the information given to Meyer, we assume the court believed Brown's affidavits raised sufficient questions to warrant further inquiry. The court correctly questioned the informants in camera to determine what they had told Meyer. As a result of this inquiry the court was satisfied that the preliminary showing was rebutted and the officer's affidavit was not materially false. It therefore concluded there was no need for an evidentiary hearing. Through this procedure the court complied with Evidence Code section 1042, subdivision (d), and *Franks v. Delaware.*

We have reviewed the in camera examination of two informants and are satisfied there is substantial evidence to show that both were capable of

identifying growing marijuana. The information given the judge was substantially similar to that given Meyer in that it reflected the informants' ability to identify marijuana. The only discrepancy was the affidavit's reference to prior marijuana abuse. Even if we assume the report of informant #1's prior abuse of marijuana is false, Meyer nonetheless accurately reported what he learned about his/her ability to identify marijuana. Whether the Gordons gave different stories about their prior drug use to Meyer and Thomas is irrelevant to the inquiry required under *Franks* v. *Delaware*. Setting aside the portion of Meyer's affidavit that is arguably false or overstated—that informant #1 used to be an abuser of marijuana for several years—the affidavit still supports a finding of probable cause. The affidavit shows the informant was able to identify marijuana. Thus the court did not err in denying Brown's request for a section 1539 evidentiary hearing or in denying the section 1538.5 motion to quash.

DISPOSITION

Judgment affirmed.

Work, J., and Froehlich, J., concurred.