Filed 5/24/13  P. v. Mancilla CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B239566 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. BA382452 & BA386152) |
| v. | |
| RICHARD MANCILLA, | |
| Defendant and Appellant. | |

APPEAL from judgments of the Superior Court of Los Angeles County, Craig J. Mitchell, Judge.  Affirmed.

Thomas Kevin Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Richard Mancilla appeals from the judgment entered in superior court case No. BA382452 following his plea of no contest to unlawful firearm activity (Pen. Code, § 12021, subd. (a)(1)) and from the judgment entered in superior court case No. BA386152 following his plea of no contest to possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)) with an admission in each case that he suffered a prior felony conviction (Pen. Code, § 667, subd. (d)), following the denial of a suppression motion (Pen. Code, § 1538.5) in each case. The court sentenced appellant to prison for 32 months in case No. BA386152, with a consecutive term of 16 months in case No. BA382452. We affirm the judgments.

## FACTUAL SUMMARY

The record in case No. BA382452 reflects that on March 24, 2011, appellant possessed a firearm, i.e., a sawed-off rifle, having suffered a prior felony conviction for assault with a deadly weapon. The record in case No. BA386152 reflects that on June 30, 2011, appellant possessed a firearm, i.e., a handgun, having suffered a prior felony conviction for assault with a deadly weapon.

## ISSUES

Appellant requests that this court conduct an independent review of (1) the in camera hearing on his *Luttenberger* motion and (2) the sealed transcript of the *Pitchess* hearing to determine whether additional information should have been disclosed.

## DISCUSSION

1. *The Trial Court Properly Denied Appellant's Luttenberger Motion.*

    a. *Pertinent Facts.*

The nonconfidential record reflects as follows. On October 19, 2011, in superior court case No. BA382452, the court acknowledged receipt of a "motion . . . pursuant to [*People v. Luttenberger*]."[1] The minute order for that date refers to the motion as a "motion for pretrial discovery of information about confidential informant." (Capitalization omitted.) The trial court stated the motion was supported by a declaration

---

[1] *People v. Luttenberger* (1990) 50 Cal.3d 1 (*Luttenberger*).

from appellant's trial counsel and that the motion had been "served" on the court on October 5, 2011. The motion, sealed, is part of the record on appeal.

On October 19, 2011, the court stated it had reviewed the motion and supporting declaration. The court later stated, ". . . I am making a preliminary finding that [appellant's trial counsel] has made a sufficient showing for this court to conduct an in camera review of the sealed portion of the search warrant." The court indicated it would give the People an opportunity to respond to the court's finding, but asked that the [prosecutor] "have the requisite material, namely the sealed portion of that warrant with her in court and the investigating officer present as well should my preliminary hearing [*sic*] become my final ruling." The matter was eventually continued to November 8, 2011.

On November 8, 2011, the court called the case for an in camera hearing on the above mentioned motion. The reporter's transcript for November 8, 2011, reflects a transcript of the in camera hearing was sealed and lodged with the clerk. On December 28, 2011, appellant's trial counsel commented to the trial court that it had granted his *Luttenberger* motion but "denied [appellant's counsel] access to any of the statements."

b. *Analysis.*

Appellant requests that this court conduct an independent review of the transcript of the November 8, 2011 in camera hearing on the *Luttenberger* motion. He asserts that, in the motion, he "sought the substance of the informant's [information] to the officers, plus any inducements offered to the informant in exchange for the information, and any materials related to the informants reliability" and the court denied the motion.

We have reviewed appellant's sealed *Luttenberger* motion and the sealed transcript of the November 8, 2011 in camera hearing. We have also reviewed the search warrant and its supporting affidavit, including the sealed portion of the affidavit.[2] We are

---

[2] Pursuant to this court's April 9, 2013 order, Deputy Attorney General Stacy S. Schwartz delivered the sealed portion of the affidavit to this court on May 9, 2013. The court then reviewed in camera said sealed portion of the affidavit, then immediately returned it to Deputy Attorney General Schwartz.

satisfied the trial court properly denied appellant's motion to unseal the sealed portion of the affidavit.  Moreover, we conclude it was not reasonably probable appellant could prevail on any motions to quash and/or traverse the warrant and suppress evidence; therefore, the court properly denied any such motions.  (Cf. *People v. Hobbs* (1994) 7 Cal.4th 948, 975-977.)

2.  *The Trial Court Fulfilled Its Responsibilities Under Pitchess.*

a.  *Pertinent Facts.*

The nonconfidential record reflects as follows. On August 9, 2011, appellant filed, in superior court case No. BA386152, a pretrial discovery motion pursuant to *Pitchess*,[3] seeking various information in the personnel files of Los Angeles Police Officers Bryan Delavan and Jose Pena, officers who detained appellant in connection with case No. BA386152.

On August 30, 2011, the court ruled there was good cause to conduct an in camera hearing as to "as to these two officers with respect to any information pertaining to their honesty, truthfulness, false police reports.  Within that umbrella."  The reporter's transcript of the September 1, 2011 proceedings reflects a transcript of the in camera *Pitchess* proceedings was sealed and lodged with the clerk.  The minute order printed March 7, 2012, pertaining to September 1, 2011 proceedings reflects that, on the latter date, a *Pitchess* hearing was conducted in chambers, a custodian of records was present, the court "review[ed] the file," and the court found discoverable information.  The minute order also reflects the court ordered the custodian of records to provide the discovery to appellant by September 7, 2011.  There is no dispute the custodian did so.

---

[3]     *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

4

b. *Analysis.*

Appellant asks this court to review the sealed record pertaining to his *Pitchess* motion to determine whether the trial court properly ruled there was no additional discoverable information.

Trial courts are granted wide discretion when ruling on motions to discover police officer personnel records. (*People v. Samayoa* (1997) 15 Cal.4th 795, 827; *People v. Memro* (1995) 11 Cal.4th 786, 832.) We have reviewed the contents of the sealed transcript of the September 1, 2011 in camera *Pitchess* hearing. The transcript constitutes an adequate record of the trial court's review of any document(s) provided to the trial court during the in camera hearing, and said transcript fails to demonstrate that the trial court abused its discretion to the extent it ruled there was no additional discoverable information to be disclosed from the personnel files of Delavan and Pena. (*People v. Samayoa*, at p. 827; see *People v. Mooc* (2001) 26 Cal.4th 1216, 1228-1230, 1232.) The trial court fulfilled its responsibilities under *Pitchess*.

## *DISPOSITION*

The judgments in superior court case Nos. BA382452 and BA386152 are affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

CROSKEY, Acting P. J.                              ALDRICH, J.

5