Filed 3/1/16  P. v Evans CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BURL EVANS,<br><br>    Defendant and Appellant. | A144171<br><br>(Contra Costa County<br>  Super. Ct. No. 51319698) |

Defendant Burl Evans was arrested on narcotics charges following a search of his residence during which the police found, among other things, over 46 grams of heroin and approximately 24 grams of cocaine base.  The evidence was seized pursuant to a search warrant based on information provided by a confidential informant.  The magistrate sealed portions of the search warrant application in order to protect the identity of the confidential informant.  Following an in camera hearing and review of the sealed portions of the search warrant application, the trial court refused to disclose the sealed material in order to protect the identity of the confidential informant and denied defendant's motions to quash and traverse the search warrant.  Defendant requests that we conduct an independent review of the sealed material, including the transcript of the in camera hearing held by the trial court, to determine whether the court erred in denying his motions to quash and traverse the search warrant and his related request to disclose the sealed portions of the warrant application.  (*People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*); *People v. Luttenberger* (1990) 50 Cal.3d 1 (*Luttenberger*).)  Having conducted

1

the requested review, and finding no error in the trial court's rulings, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 8, 2011, at 7:20 a.m., Detective Francisco Ramirez, accompanied by "well over 10 to 15" other officers, arrived at defendant's two-story residence to execute a no-knock search warrant issued on probable cause to believe they would find, among other things, heroin, drug paraphernalia, and any personal property tending to show defendant's possession or control of contraband including personal correspondence. Defendant was found in the upstairs master bedroom, placed in handcuffs, and escorted downstairs. Ultimately defendant was escorted outside and Detective Ramirez spoke briefly with the defendant.

Returning to the house, Detective Ramirez and other officers searched the master bedroom. Located next to the head of the bed was a plastic-drawer organizer. Inside the organizer's drawers, the officers found approximately 24 grams of cocaine base (in 99 baggies in two plastic pill bottles inside a black bag), over 46 grams of heroin (in a knot-tied plastic bag wrapped in some paper), pay owe sheets, and unopened mail addressed to defendant at the residence. Elsewhere in the bedroom, the officers found an open box of fold-top clear plastic baggies, additional pay owe sheets, a digital scale, and additional mail addressed to defendant at the residence.

The Contra Costa County District Attorney filed an information charging that on or about September 8, 2011, defendant possessed cocaine base for sale (Health & Saf. Code, § 11351.5) and possessed heroin for sale with a related allegation that the heroin weighed "14.25 grams or more" (Health & Saf. Code, § 11351; Pen. Code, § 1203.07, subd. (a)(1)). The information also alleged that defendant had two prior serious felony convictions under the Three Strikes law and had two prior felony convictions rendering him ineligible for probation absent unusual circumstances. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, 1203, subd. (e)(4).)

Before trial defendant filed motions to quash and traverse the search warrant,[1] which were based on information provided by a confidential informant. As an integral part of the motions, defendant sought disclosure of the contents of sealed portions of the warrant application so as "to challenge the sufficiency" of facts to establish probable cause, and "to traverse the warrant by attacking the veracity of those factual allegations." (*Hobbs*, *supra*, 7 Cal.4th at p. 957.) [2] In support of the motions, defendant argued that the information in the unsealed portion of the warrant application did not demonstrate the confidential informant's reliability or credibility, or provide sufficient corroboration of the confidential informant's police-monitored "controlled buy" of heroin from defendant (controlled buy).

---

[1] A motion to quash tests the existence of probable cause based on the four corners of a search warrant affidavit, while a motion to traverse tests the validity of the information set forth in the affidavit itself. (Pen. Code, § 1538.5, subds. (a)(1)(B)(i) & (iii).)

[2] Defendant also filed a separate motion to disclose the identity of the confidential informant on the ground that the informant was a material witness to defendant's guilt or innocence. Before the trial court ruled on the motion, it suspended the criminal proceedings based on its doubt of defendant's competence. After defendant was deemed competent and criminal proceedings were reinstated, the motion to disclose the confidential informant's identity was argued and denied on October 1, 2014. As noted by the Attorney General, the record does not contain the reporter's transcript of the October 1, 2014, hearing and defendant makes no argument specifically challenging the ruling made at that hearing. Thus, on this appeal "our inquiry is necessarily limited to the propriety of the denial of the motions to traverse and quash the warrant, and the denial of defendant's related request for discovery of the sealed materials in connection with those motions." (*Hobbs, supra*, 7 Cal.4th at p. 976; see Evid. Code, § 1042, subd. (b) ["where a search is made pursuant to a warrant valid on its face, the public entity bringing a criminal proceeding is not required to reveal to the defendant . . . the identity of an informer in order to establish the legality of the search or the admissibility of any evidence obtained as a result of it"]; *Hobbs, supra*, at p. 959 ["the identity of an informant who has supplied probable cause *for the issuance of a search warrant* need not be disclosed where such disclosure is sought merely to aid in attacking probable cause"]; *Id*. at pp. 962-963 ["the courts have sanctioned a procedure whereby those portions of a search warrant affidavit which, if disclosed would effectively reveal the identity of the informant, are redacted, and the resulting 'edited' affidavit furnished to the defendant"].)

3

The trial court reviewed the sealed portion of the warrant affidavit and held an in camera hearing during which Detective Ramirez, the affiant of the warrant application, was questioned by the court. Following a review of the warrant application, including the sealed material, as supplemented by Detective Ramirez's testimony, the court denied the motions to quash and traverse the search warrant and the related request to disclose the sealed portions of the warrant application. The court determined it could not possibly disclose the sealed material even in a redacted fashion without disclosing the confidential informant's identity because of the details that were provided in the sealed material as supplemented by Detective Ramirez's testimony. As to the challenges to the validity of the search warrant, the court commented that during the in camera hearing Detective Ramirez was questioned about his interactions with the informant and what happened at the time of the controlled buy. The court was satisfied that there was independent corroboration of the controlled buy and that defendant was the seller.

Following a jury trial, defendant was convicted of possession of cocaine base and possession of heroin, with a true finding of the related weight allegation. In a separate proceeding, the court found defendant had sustained two prior strike convictions and had sustained felony convictions rendering him ineligible for probation except under unusual circumstances. At sentencing, the court struck the prior strike convictions and imposed concurrent terms of two years in state prison on the charged narcotics offenses. Defendant was awarded 484 days actual custody credit and 484 days conduct credit. Because credit for time served exceeded the imposed sentences, defendant was released from custody. This timely appeal ensued.

## DISCUSSION

In *Hobbs, supra*, 7 Cal.4th 948, our Supreme Court outlined the procedures to be followed in resolving a challenge to the validity of a search warrant, where the magistrate has sealed a portion of a search warrant affidavit. (*Hobbs, supra*, at pp. 971-975.) "On a properly noticed motion by the defense seeking to quash or traverse the search warrant, the [trial] court should conduct an in camera hearing . . . . (*Id.* at p. 972.) "[T]he court must initially determine whether the affidavit is properly sealed, i.e., whether valid

4

grounds exist for maintaining the informant's confidentiality, and whether the extent of the sealing is justified as necessary to avoid revealing his or her identity." (*Id*. at p. 973.) "If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in-camera hearing." (*Id*. at p. 974.) "If the trial court determines that the materials and testimony before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse." (*Ibid*.) "Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant (Pen. Code, § 1538.5), the court should proceed to determine whether, under the 'totality of the circumstances,' presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was a 'fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to a warrant. (*Illinois v. Gates* (1983) 462 U.S. 213, 238 [76 L.Ed.2d 527, 548, 103 S.Ct. 2317]; see also *People v. Camarella* (1991) 54 Cal.3d 592, 600-601 [286 Cal.Rptr. 780, 818 P.2d 63].)" (*Hobbs, supra*, at p. 975.) "If the court determines, based on its review of all the relevant materials, that the affidavit and related materials furnished probable cause for issuance of a warrant under *Illinois v. Gates, supra*, 462 U.S. 213, the court should simply report this conclusion to the defendant and enter an order denying the motion to quash. (Cf. *Luttenberger, supra*, 50 Cal.3d at p. 24; [*People v*.] *Seibel* [(1990)] 219 Cal.App.3d [1279,] 1299 [(*Seibel*)].)" (*Hobbs, supra*, at p. 975.) "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review. (*Luttenberger, supra,* 50 Cal.3d at p. 24; *Seibel, supra*, 219 Cal.App.3d at pp. 1299-1300.)" (*Hobbs, supra*, at p. 975.)

Here, the parties do not dispute that the trial court followed the procedures outlined in *Hobbs, supra*, 7 Cal.4th 948. As a reviewing court, our inquiry is limited to

5

whether the trial court abused its discretion in denying the motions to quash and traverse the search warrant and the related request to disclose the sealed portion of the warrant application related to those motions. (*Id.* at p. 976.) Based on our review of the record, including the sealed portions of the search warrant application and the transcript of the in camera hearing held by the trial court, we see no abuse of discretion in the trial court's rulings. Consequently, there is no *Hobbs* error to correct on appeal.

## DISPOSITION

The judgment is affirmed.


_____
Jenkins, J.


We concur:


_____
McGuiness, P. J.


_____
Pollak, J.