Filed 3/30/21  P. v. Roberson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C085500 |
| Plaintiff and Respondent, | (Super. Ct. No. 16FE022744) |
| v. | |
| MARLON ROBERSON, | |
| Defendant and Appellant. | |

Following a jury trial, defendant Marlon L. Roberson was convicted of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1))[1] and felon in possession of ammunition (§ 30305, subd. (a)(1)).  The trial court sustained a strike allegation

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

(§§ 1192.7, subd. (c), 667, subd. (c)) and sentenced defendant to a six-year state prison term.

On appeal, defendant contends the trial court erred in denying his motion to traverse the search warrant based on purported omissions and misstatements in the affidavit.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### Preliminary Hearing-Suppression Motion Testimony

While on patrol on December 2, 2016, at around 11:55 a.m., Sacramento Police Sergeant Andy Hall observed a gray BMW SUV with no front or rear license plates. Sergeant Hall conducted a traffic stop; the BMW pulled over at 5917 Stallon Way. Defendant was the driver and codefendant Francois Norde was in the front passenger seat. A consensual patdown of Norde produced a narcotics smoking pipe, which led Sergeant Hall and his partner to search the vehicle.

A loaded .40-caliber magazine was in a leather glove found on the passenger side floorboard. A .40-caliber handgun in a leather glove was discovered in a cavity behind the radio, which was loose in the center console. The gloves that contained the magazine and gun matched. A digital scale with brown sticky residue consistent with heroin was in the center console. A backpack was on the floorboard behind the front passenger seat. A single live .40-caliber round was found in the backpack. The backpack also contained documentation with Norde's name. The BMW car registration was in defendant's name at 5917 Stallon Way and the vehicle also contained various documents showing

---

[2] We limit our summary to the facts and proceedings relevant to this motion. The testimony discussed herein is the preliminary hearing testimony of one of the two officers who participated in the stop of defendant's vehicle and the officer who was the search warrant affiant. The motion to traverse the search warrant was held concurrently with the preliminary hearing.

2

defendant resided at that address. Defendant and Norde were detained while the officers obtained a search warrant for 5917 Stallon Way.

The affidavit for the warrant was authored by Sacramento Police Officer Jonathan Ray. After Officer Ray arrived to execute the search warrant, he spoke with one of the residents, Cherese Williams, who said she shared the master bedroom with defendant. During the search, Officer Ray found two small safes in the master bedroom, with one containing two loaded .22-caliber handguns. A loaded .22-caliber rifle was found in the box spring of the master bedroom bed.

**The Affidavit**

The affidavit in support of the warrant begins its case summary by stating that Sergeant Hall and his partner Officer Wacker[3] were on patrol in a marked vehicle when they observed a dark gray BMW SUV with no license plates drive past them in the area of Stallon Way and Tangerine Avenue. They conducted a traffic stop of the vehicle, which parked in front of the driveway at 5917 Stallon Way. The driver, defendant, identified himself and said he had parked in front of his house. The VIN for the BMW showed defendant was the owner at 5917 Stallon Way, and the registration expired on May 12, 2016.

The passenger had no identification and the name he provided could not be found in databases. He consented to a search, which found a bulge in his pocket that Sergeant Hall thought may be a pipe. With the subject's permission, Sergeant Hall removed the object, which was a homemade narcotics pipe fashioned from a pen.

The affidavit then states in pertinent part: "Sgt. Hall and Ofc. Wacker returned to the BMW and detained the driver Marlon Roberson in the back seat of their SPD vehicle to secure him while they conducted a probable cause search of the vehicle for drug

---

[3] Officer Wacker did not testify at the preliminary hearing/suppression motion.

3

paraphernalia. Sgt. Hall located a pistol magazine on the floorboard inside a hand glove. [¶] As they continued the search, they located a .40 Caliber handgun in the dashboard of the vehicle, in a compartment."

The affidavit goes on to note that at that time, defendant had over five convictions including convictions for robbery, petty theft with a prior, and grand theft. They also determined the passenger, Norde, was on parole until August 23, 2017. Other officers arrived went to the front door of 5917 Stallon Way, where they found two adult women and three children.

The affidavit then stated: "Inside the house was [Cherese] Williams, who claimed to be married to Marlon Roberson. She stated that they live there together and he has a room in the residence. [¶] Officers used a key from the keychain of Roberson located in his vehicle and discovered that his key fit the front door to the residence."

The supporting part of the affidavit concluded by stating that in the officer's experience, "suspects who conceal illegal firearms will have additional firearms and accessories located in their homes," including additional ammunition and magazines.

**The Motion and Ruling**

Defendant moved to traverse the warrant based on the affidavit omitting facts regarding where the gun and magazine had been found and that defendant was prohibited by a restraining order from being in the residence. Attached to the motion was a restraining order, issued November 17, 2016, prohibiting defendant from contacting Williams.

At the hearing on the motion, counsel for defendant argued the affidavit contained the following material omissions: the restraining order against defendant, that the magazine was located on the passenger side floorboard and that they found the gun in the "glove box area." Counsel read the actual affidavit language to the court noting it actually said the gun was found "in a dashboard of the vehicle in a compartment."

4

Counsel argued, "Is that dashboard on the passenger side? Is it on the driver's side? Is it in the center console? We have no idea where that's at."

The trial court found that even if the officers should have ascertained whether a protective order was in place, they had evidence defendant was still living at the house in spite of the protective order. Regarding the location of the magazine, the trial court found that providing exactly where it was located in the vehicle would not have detracted from the warrant given where the gun was found. Regarding the location of the gun, the court stated: "In effect, [the gun] was found in a hidden compartment in the car that's registered to Mr. Roberson." The court reasoned that the affidavit language "leads . . . .a reasonable reader to believe that, in fact, it's not a glove box . . . . But it was actually inside the dashboard. [¶] That leads one to believe that in fact this car has been modified in some fashion because dash boards don't generally have the kind of access this seems to refer to." Counsel argued that the language was "vague on its face."

The trial court denied the motion.

## DISCUSSION

Defendant contends the affidavit in support of the search warrant was insufficient because it contained material omissions concerning the restraining order, the location of the magazine on the front passenger seat floorboard and the live round found in the backpack behind the passenger seat. According to defendant, when the omitted facts are considered, the affidavit's conclusion, that there would be additional firearms in the house, was not supported by the factual portion of the affidavit. Defendant's contention borders on frivolous.

The standard for probable cause to issue a search warrant is "whether, given all the circumstances set forth in the affidavit . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v Gates* (1983) 462 U.S. 213, 238 [76 L.Ed.2d 527].) A defendant may challenge the veracity of a facially valid search warrant affidavit on the grounds it contains misrepresentations or omissions.

5

(*Franks v. Delaware* (1978) 438 U.S. 154, 155-156 [57 L.Ed.2d 667, 672]; *People v. Luttenberger* (1990) 50 Cal.3d 1, 11 (*Luttenberger*); *People v. Kurland* (1980) 28 Cal.3d 376, 384 (*Kurland*).)  "[A]n affidavit may be insufficient when it omits facts adverse to the warrant application."  (*Kurland*, at p. 384.)  However, the affiant has a duty only to disclose facts that are material, thus "only those omissions which significantly distort[] the probable cause analysis" will make an affidavit deficient.  (*Id.* at pp. 384-385.)  Accordingly, on review, facts must be deemed material if, "because of their inherent probative force, there is a substantial possibility they would have altered a reasonable magistrate's probable cause determination."  (*Kurland*, at p. 385.)

If a trial court determines an asserted omission is material, it must then decide whether the omission "arose innocently or from culpable conduct."  (*Kurland, supra*, 28 Cal.3d at p. 387.)  A material omission will not render an affidavit insufficient if the affiant reasonably, even if incorrectly, concluded the omitted fact was immaterial.  (*Id.* at pp. 388-389.)  Thus, the defense first bears the burden of showing " 'with some specificity,' " why material facts were omitted and why those facts are material.  (*Id.* at p. 390.)  The People may show the material omission was proper or reasonable.  (*Ibid*.)  The defendant must then show the omission was the result of reckless disregard for the truth or the intent to mislead by the affiant.  (*Luttenberger*, *supra*, 50 Cal.3d at p. 10.)

We agree with the trial court.  While there was a restraining order protecting Williams from defendant, defendant said he lived at the residence, the BMW he was driving was registered in his name at that address, defendant stopped the vehicle in front of that residence, defendant had a key to the residence on his keychain and Williams said defendant lived there with her.  Even assuming officers should check for restraining orders every time they search a suspect's residence, the evidence shows defendant was living with Williams at the address in violation of the restraining order.  Moreover, the fact that a restraining order was issued on November 17, 2016, less than three weeks before the search, did not negate the probable cause that defendant had access to the

house and kept property at the house, including additional firearms, ammunition and other items associated with firearms. The omission of the restraining order is not material.

Nor was the location where the magazine was found or the .40-caliber round in the backpack material. While the affidavit stated the magazine was found on the floorboard without specifying it was found on the passenger side floorboard, the precise location where it was found is not inconsistent with defendant owning the gun. This is particularly true since the magazine was found in a glove matching the glove the gun was found in. Nor did the bullet in the backpack associated with defendant's passenger detract from the probable cause. After all, while it could be inferred that at some point, the passenger may have had a .40-caliber firearm for that single round found in his backpack, there was nothing requiring the conclusion that the gun found in the compartment in defendant's vehicle was that firearm. Indeed, the affiant's reference to the gun found "in the dashboard of the vehicle, in a compartment" was compelling evidence providing probable cause (along with the affiant's expertise) indicating defendant, a convicted felon and the owner of the vehicle, may have possessed additional firearms in his house.[4]

Since the affidavit evidence showed defendant was living in the house and the gun in the BMW was his, the affidavit provided probable cause to search the house for

---

[4] In response to defendant's argument that the affidavit was vague as to the precise location the gun was found, we agree with the trial court that the affiant's description actually provided less compelling evidence than could have been presented in the affidavit. The affidavit could have expressly said the compartment in the dashboard was a hidden compartment behind the radio. Given that this omission would have strengthened the probable cause, it appears that any other omissions the affiant made that would have detracted from the probable cause were the product of mistake and were neither intentional nor made with reckless disregard for the truth.

evidence that defendant, a convicted felon, was in possession of other guns or ammunition.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
MURRAY, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
MAURO, J.