**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2206-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LANCE D. BUNN,

     Defendant-Appellant.

_____

Submitted May 23, 2022 – Decided August 1, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 16-06-0396.

Joseph E. Krakora, Public Defender, attorney for appellant (Alison Perrone, First Assistant Deputy Public Defender, of counsel; Harris Fischman, Jamie D. Brooks and J.T. Parker Murray, admitted pursuant to Rule 1:21-3(c), on the briefs).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Daniel Finkelstein, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

A jury convicted defendant Lance D. Bunn of third-degree possession of drugs and acquitted him of the drug-distribution offenses charged in a three-count Union County indictment.[1] One hundred and forty-eight folds of heroin and thirteen baggies of crack cocaine were seized by police pursuant to a search warrant executed after the surveilling detectives stopped the red 1998 Jeep Cherokee defendant was driving when he pulled into an IHOP parking lot.

According to the search warrant affidavit, a confidential informant (CI) told Union County Prosecutor's Office Detective Vito Colacitti defendant was selling heroin in response to telephone orders and transporting the drugs in a red 1998 Jeep Cherokee. The CI participated in three controlled purchases during the weeks of February 29, March 7, and March 14, 2016. Before each purchase, the CI contacted defendant via telephone in the presence of police, arranged a meet location and, under police surveillance, gave defendant cash that was provided by police, in exchange for suspected heroin. Police sent the drugs to

---

[1] The indictment was returned in June 2016, and charged defendant with: third-degree possession of cocaine or heroin, N.J.S.A. 2C:35-10(a)(1) (count one); third-degree possession with intent to distribute cocaine or heroin, N.J.S.A. 2C:35-5(a)(1) and (b)(3) (count two); and third-degree possession with intent to distribute cocaine or heroin within 1,000 feet of school property, N.J.S.A. 2C:35-7 (count three).

A-2206-18

the Union County Prosecutor's Office Laboratory, where all three specimens tested positive for heroin.

Prior to trial, defendant moved to compel the laboratory reports for the purported drugs obtained during the three drug transactions described in the affidavit. Defendant contended no laboratory tests were performed and challenged the truth and accuracy of the affiant's statements. Defendant claimed he needed the reports to support a suppression motion and satisfy the standard for a Franks[2] hearing. The motion judge denied defendant's application and his ensuing motion for reconsideration.

During jury selection before a different judge, defendant moved to suppress the evidence seized and sought an application for a material witness order to compel the CI's testimony at a Franks hearing. Defense counsel explained earlier that week, her investigator tracked down the CI via defendant's telephone records. The CI divulged her name and provided a sworn written statement, claiming she had participated in only two controlled drug transactions

---

[2] Franks v. Delaware, 438 U.S. 154 (1978). A defendant is entitled to a Franks hearing to challenge the veracity of a search warrant affidavit by demonstrating a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . the allegedly false statement is necessary to the finding of probable cause." Id. at 155-56; see also State v. Howery, 80 N.J. 563, 567-68 (1979) (adopting the Franks standard in New Jersey).

A-2206-18

with defendant. Defense counsel further claimed defendant's telephone records established only one telephone call between the CI and defendant during the time frame at issue.

The trial judge granted defendant's application for a material witness order and conducted a Franks hearing on the second day of trial. The testimonial hearing spanned two days, during which the State presented the testimony of three witnesses, including Colacitti, and defendant called two witnesses, including the CI. During Colacitti's testimony, the State produced the laboratory reports at issue to refresh the detective's recollection. The judge permitted the defense to view the reports during the hearing, only.

Following argument, the trial judge rendered a detailed oral decision denying defendant's Franks motion. Although the judge was "sympathetic" to the CI's apparent drug addiction, he found her memory "extremely poor" and "contradicted by the testimony of the police officers," whom the judge found "credible." The judge also found the CI's account was countered by law enforcement's "reports and the lab reports." In essence, the judge was persuaded by "more than [a] preponderance of the evidence that, in fact, there were three sales" as set forth in the affidavit.

A-2206-18

The trial resumed and the State rested. The defense called two witnesses; the CI did not testify. The jury returned its verdict on June 29, 2018.

Defendant's sentencing was carried so that he could appeal his Drug Court[3] denial, but proceeded on November 30, 2018, after defendant withdrew his appeal. The trial judge granted the State's motion for a discretionary extended term as a persistent offender under N.J.S.A. 2C:44-3(a), and sentenced defendant to a prison term of eight years.

The judge found aggravating factors three (risk of reoffending), six (prior criminal record), and nine (need for deterrence), N.J.S.A. 2C:44-1(a)(3), (6), and (9), substantially outweighed mitigating factor eight, N.J.S.A. 2C:44-1(b)(8) ("defendant's conduct was the result of circumstances unlikely to recur").[4] The judge considered the other mitigating factors argued by defense counsel.

In rejecting mitigating factors one (defendant's conduct did not cause or threaten serious harm), and two (defendant did not contemplate his conduct would cause or threaten serious harm), N.J.S.A. 2C:44-1(b)(1) and (2), the judge

---

[3] Effective January 1, 2022, Drug Court was renamed Recovery Court.

[4] The judgment of conviction erroneously reflects the judge found no mitigating factors.

A-2206-18

considered the quantity of drugs "even though a jury did not find [defendant] guilty of the possession with intent to distribute [charges]." The judge also rejected mitigating factor five, N.J.S.A. 2C:44-1(b)(5) (the victim facilitated or induced the commission of the crime), finding defendant "had the product"; the CI "wanted it"; and defendant "met with her for that purpose." During colloquy with defense counsel concerning defendant's community service, see N.J.S.A. 2C:44-1(b)(6), and post-conviction rehabilitation efforts, the judge questioned defendant's commitment to rehabilitation, having withdrawn the appeal of his Drug Court rejection. This appeal followed.

On appeal, defendant seeks a new Franks hearing. Alternatively, he argues his sentence is excessive. More particularly, defendant raises the following points for our consideration:

> I. THE COURT ABUSED ITS DISCRETION BY DENYING DEFENDANT'S MOTION TO COMPEL DISCLOSURE OF LAB REPORTS AND DEPRIVED DEFENDANT OF A FAIR OPPORTUNITY TO CHALLENGE THE SEARCH WARRANT.
>
> A. The Trial Court's Denial of [Defendant]'s Motion to Compel Was Contrary to New Jersey's Discovery Rules and Constituted a Misapplication of the Law.
>
> B. The Denial of Discovery Prejudiced [Defendant] by Depriving Him of a Meaningful Opportunity to Challenge the Search Warrant.

II. THE SENTENCING COURT IMPROPERLY DISREGARDED DEFENDANT'S MITIGATING FACTORS BASED ON IMPERMISSIBLE CONSIDERATIONS.

A. Sentencing Standard of Review.

B. The Sentencing Court Abused Its Discretion by Categorically Refusing to Find the Mitigating Factors, Which Were Supported by Uncontested Evidence in the Record.

i. The Sentencing Court Improperly Refused to Find Mitigating Factors Solely Because the Defendant Was Not Proceeding in Drug Court.

ii. The Sentencing Court Abused Its Discretion in Categorically Refusing to Consider Post-Offense Rehabilitation.

C. The Sentence Was Tainted by the Trial Court's Improper Reliance on Acquitted Conduct.

We reject the contentions raised in point I and affirm defendant's conviction. But we remand for resentencing without consideration of defendant's acquitted and uncharged conduct.

## I.

Defendant argues the motion judge erroneously denied his application to compel "production of the three laboratory reports," referenced in the search warrant affidavit, contending they were subject to "automatic disclosure" under Rule 3:13-3. Defendant maintains, without the reports, he was unable to mount

7

a "meaningful" challenge to the search warrant's validity. The State counters disclosure of the laboratory reports fell beyond the scope of Rule 3:13-3. The State further contends even if the reports were improperly denied, the trial judge conducted a Franks hearing, during which defendant had access to the laboratory reports, rendering moot defendant's motion.

While his appeal was pending, the Supreme Court decided State v. Desir, 245 N.J. 179 (2021), and defendant thereafter filed a letter pursuant to Rule 2:6-11(d), contending the case supported his argument for disclosure of the laboratory reports referenced in the search warrant affidavit. The State responded, arguing "defendant received a better outcome than the defendant in Desir because [defendant] ultimately reviewed the reports and obtained a hearing to challenge the affidavit" in the present matter.

We afford substantial deference to trial judges when evaluating their evidentiary determinations. State v. Cole, 229 N.J. 430, 449 (2017). We therefore review a trial court's evidentiary ruling for abuse of discretion. State v. Green, 236 N.J. 71, 81 (2018). We also defer to the court's factual and credibility findings following a testimonial hearing provided they are supported by sufficient credible evidence in the record. Accord State v. Dunbar, 229 N.J. 521, 538 (2017). Deference is afforded because the court's findings "are often

influenced by matters such as observations of the character and demeanor of witnesses and common human experience that are not transmitted by the record." State v. Locurto, 157 N.J. 463, 474 (1999). We will reverse only where the court's ruling was "so wide of the mark that a manifest denial of justice resulted." State v. Carter, 91 N.J. 86, 106 (1982); see also State v. J.A.C., 210 N.J. 281, 295 (2012).

In Desir, the defendant sold drugs to a CI during a controlled purchase. 245 N.J. at 186. Laboratory reports confirmed the drugs sold to the CI were "Molly,"[5] and a search warrant was obtained as a result. Id. at 197. Similar to defendant in the instant matter, the defendant in Desir sought the laboratory reports in order to have the requisite showing needed to trigger a Franks hearing. Ibid. The trial court denied the defense's requests for the laboratory reports. Ibid. We reversed, holding Rule 3:13-3(b)(1) entitled defendant to the reports "automatically." Id. at 190.

On certification granted, the Court concluded the defendant was not automatically entitled to the laboratory reports under Rule 3:13-3(b)(1) because the sought-after "materials d[id] not pertain to the 'determination' of the charges

---

[5] Molly is the street name for Methylenedioxy-N-ethylcathinone. See Desir, 245 N.J. at 186.

against [the] defendant." 245 N.J. at 205. Instead, the materials pertained to "uncharged conduct" and, as such they were "not 'relevant' within the meaning of Rule 3:13-3(b)(1)." Ibid. The Court further recognized because the "defendant ha[d] not been charged for the underlying narcotics sale to the CI," the materials were not exculpatory "and any evidence disproving the sale would not be material to the drugs and weapons offenses he face[d] under the indictment." Ibid.

Similarly, we conclude defendant in the present matter was not entitled to automatic disclosure of the laboratory reports under Rule 3:13-3(b)(1). Colacitti's affidavit referenced three controlled buys, and the laboratory confirmed the substances defendant sold the CI tested positive for heroin. Those sales were not charged in the indictment. Instead, defendant's charges stemmed from the drugs confiscated pursuant to the search warrant executed when the Jeep was stopped by police. Because the drugs referenced in the affidavit had no bearing on the charges brought, the laboratory reports sought by defendant are beyond the scope of Rule 3:13-3(b)(1).

However, the Desir Court announced a new standard governing the disclosure of materials pertaining to a search warrant affidavit. Id. at 202-03. Adopting the "detailed and nuanced" approach embodied in People v.

Luttenberger, 784 P.2d 633 (Cal. 1990), this standard requires defendants to "describe with reasonable particularity the information sought in discovery, sustained by a plausible justification 'casting a reasonable doubt on the truthfulness of statements made in the affidavit.'" Desir, 245 N.J. at 202-03 (quoting Luttenberger, 784 P.2d at 647). This two-pronged test "must be applied strictly" to "prevent a fishing expedition and to respect the presumption of validity that attaches to a warrant affidavit." Id. at 205. A defendant's "blanket denial of culpability" is insufficient. Id. at 208 n.9. Of paramount importance to the Court was the vital purpose confidential informants serve in law enforcement, mindful that "even a laboratory report could place the CI at risk." Id. at 208.

A defendant who meets this standard is "not guaranteed access to [the] information." Id. at 207 n.6. Instead, "the court will have to review the report in camera and consider whether it contradicts representations in the affidavit and, if so, whether it is amenable to necessary redaction, or whether it would pose too great a risk of jeopardizing the informant's identity." Ibid. During this in camera review, depending on what the documents reveal, the trial court may grant or deny a Franks hearing. Id. at 207.

Assuming, arguendo, the new standard enunciated in <u>Desir</u> applies in this matter,[6] we conclude defendant was afforded the relief required under that standard. The trial judge conducted a <u>Franks</u> hearing following defendant's belated application. During the hearing, the State divulged the laboratory reports at issue; defense counsel was permitted to inspect the reports and cross-examine Colacitti about their contents and creation. At the conclusion of the testimonial hearing, the trial judge made credibility findings that are entitled to our deference. <u>See</u> <u>Dunbar</u>, 229 N.J. at 538. We discern no reason to disturb the judge's decision.

## II.

In his second point, defendant contends his eight-year, extended-term sentence is excessive, impermissibly based on the judge's conclusion that defendant distributed drugs even though the jury acquitted him on the distribution charges. The State counters "[t]he judge properly considered defendant's intent to sell the heroin, as the jury's acquittal on the intent-to-distribute charge[s] [wa]s not dipositive of whether defendant intended to sell

---

[6] Although the Court did not explicitly state its holding in <u>Desir</u> would apply only prospectively, it noted the "guidance above shows how trial courts should assess similar discovery requests <u>in the future</u>." 245 N.J. at 207 n.7 (emphasis added).

the heroin." Defendant also argues the trial judge failed to find mitigating factors that were supported by the record, in part, because defendant withdrew his appeal of the Drug Court rejection. In that context, defendant argues the judge improperly rejected his post-offense rehabilitation. Defendant does not specifically challenge the judge's finding of aggravating factors three, six, and nine.

Our "review of a sentencing court's imposition of sentence is guided by an abuse of discretion standard." State v. Jones, 232 N.J. 308, 318 (2018). We do not substitute our judgment for that of the sentencing judge. State v. Case, 220 N.J. 49, 65 (2014). We will "affirm the sentence of a trial court unless: (1) the sentencing guidelines were violated; (2) the findings of aggravating and mitigating factors were not 'based upon competent credible evidence in the record;' or (3) 'the application of the guidelines to the facts' of the case 'shock[s] the judicial conscience.'" State v. Bolvito, 217 N.J. 221, 228 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)). However, deferential review of a sentence "presupposes and depends upon the proper application of sentencing considerations." State v. Melvin, 248 N.J. 321, 341 (2021). Whether the guidelines were violated presents an issue of law that is reviewed de novo. State v. Robinson, 217 N.J. 594, 604-05 (2014).

While defendant's appeal was pending, the Supreme Court decided Melvin, and its companion case, State v. Paden-Battle, 248 N.J. 321 (2021). In both cases, at sentencing, the same judge made factual findings that contradicted those made by the juries in acquitting the defendants. Id. at 341-45. The Court held the due process principles inherent in Article I, paragraph 1 of the New Jersey Constitution and the doctrine of fundamental fairness protected the defendant in each case from the sentencing court's improper use of facts related to acquitted conduct to enhance a sentence. Id. at 347-52.

In assessing the mitigating factors in this case, the trial judge referenced the quantity of heroin and cocaine seized at the time of defendant's arrest, stating:

> [S]o, I don't find that having that kind of amount does not threaten someone with serious harm. You know, that's a lot of stuff you had, and even though a jury did not find you guilty of the possession with intent to distribute, I have to determine, and I have to weigh, also, the amount of drugs that you had when I am deciding whether or not these mitigating factors apply as your lawyer indicates.
>
> I don't find [mitigating factor] one. Certainly, I don't find that you didn't contemplate your conduct would cause or threaten harm, serious harm, with that much drugs. I don't find that this CI person who testified, came to court and said she . . . bought from you . . . forced you . . . to sell to her. I don't find that that was strong provocation. I don't find there is

14

> substantial grounds tending to excuse or justify your conduct.
>
> [(Emphasis added).]

Thereafter, when assessing mitigating factor five, the judge found the CI, who defense counsel construed as the "victim" under that factor, did not "induce or facilitate" the commission of the crime. Addressing defendant, the judge stated: "You had the product. She wanted it. You met with her for that purpose."

We are not convinced the trial judge improperly considered the quantity of heroin and cocaine recovered in this matter in rejecting defendant's argument that his conduct did not cause or threaten serious harm under mitigating factor one, or that he did not contemplate such harm under mitigating factor two. The quantity recovered was within the third-degree range.

Nor are we satisfied the judge erred by failing to find the CI "induced or facilitated the crime" under mitigating factor five. In our view, the CI was not a "victim" as contemplated under that factor.

However, the trial judge's general consideration of defendant's acquitted and uncharged conduct gives us pause. While the judge correctly noted the CI testified, her testimony occurred during the Franks hearing, outside the presence of the jury. The CI did not testify at trial. Nor were the drug transactions

15

between defendant and the CI charged in the indictment. Thus, to assure compliance with <u>Melvin</u>, we remand for resentencing without consideration of defendant's sales to the CI. On resentencing, the judge "should view defendant as he stands before the court on that day." <u>State v. Randolph</u>, 210 N.J. 330, 354 (2012).

Finally, we consider defendant's post-arrest rehabilitation argument. At sentencing, defendant presented evidence of his gainful employment as a self-employed, property maintenance subcontractor. Two business owners submitted letters of support; one of the owners appeared at the hearing and spoke on defendant's behalf. Defendant also provided certificates of his participation in community service while pending trial, and participation in several "life skills programs" while incarcerated pending sentencing. Defendant claims the judge discounted defendant's efforts. We disagree.

Although the judge considered defendant's decision to forego Drug Court as contrary to the rehabilitation efforts he argued at sentencing, the judge credited those efforts when initially finding mitigating factor nine, N.J.S.A. 2C:44-1(b)(9) (defendant's character and attitude indicate an unlikelihood of reoffending). We recognize the judge "t[ook] back" that factor in view of his previous finding that defendant was likely to commit another offense under aggravating factor three.

16

See State v. Baylass, 114 N.J. 169, 177 (1989) (recognizing aggravating factor three and mitigating factor nine overlap). But the judge was convinced "defendant's conduct was a result of circumstances unlikely to reoccur," and as such, found mitigating factor eight. Although not specifically stated, based on the judge's earlier findings, it appears he considered defendant's rehabilitative efforts.

To the extent not specifically addressed, any remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Defendant's conviction is affirmed but the matter is remanded for resentencing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2206-18